***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 6, reversed and remanded February 15, 2023

SANTOS LIMA-FLORES,
aka Santos Aquilino Lima-Flores,
*Plaintiff-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV19319; A178566

Daniel J. Hill, Judge.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Plaintiff, an inmate at Two Rivers Correctional Institution, petitioned for a writ of habeas corpus, alleging that defendant superintendent denied him adequate medical treatment when, after the prison lost his dentures, it failed to take the necessary steps to provide suitable replacement dentures. Defendant moved to dismiss, and the court granted the motion. Plaintiff appeals, and defendant now concedes that the court erred in allowing its motion to dismiss. We agree and accept that concession.

To allege this type of habeas claim, a plaintiff must allege "a serious medical need that has not been treated in a timely and proper manner and that prison officials have been deliberately indifferent to the prisoner's serious medical needs." *Billings v. Gates*, 323 Or 167, 180-81, 916 P2d 291 (1996). Defendant concedes that the lack of usable dentures constitutes a serious medical need. A motion to dismiss a writ of habeas corpus is the functional equivalent of a motion for summary judgment. *Woodroffe v. Nooth*, 257 Or App 704, 705, 308 P3d 225, *rev den*, 354 Or 491 (2013). Thus, dismissal is only appropriate if the record, viewed in the light most favorable to the plaintiff, presents no genuine issue of material fact and the defendant is entitled to prevail as a matter of law. *Id*.

A description of the underlying facts is unnecessary here. Suffice it to say that the evidence presented in support of and in opposition to the motion to dismiss disclose genuine issues of material fact as to whether plaintiff's serious medical need was treated in a timely and proper manner. We concluded that the trial court erred in granting defendant's motion to dismiss.

Reversed and remanded.